**Clyde WATKINS, Jr., Appellant,**

v.

**Talbert TURNER, Jailer, Breathitt County, Kentucky, Appellee.**

Court of Appeals of Kentucky.

Aug. 17, 1979.

As Modified Sept. 7, 1979.

Jack Emory Farley, Public Advocate, Com. of Ky., William M. Radigan, Asst. Public Defender, Frankfort, for appellant.

Robert F. Stephens, Atty. Gen., Nancy S. Marksberry, Asst. Atty. Gen., Frankfort, for appellee.

Before HOGGE, HOWERTON and VANCE, JJ.

HOWERTON, Judge.

■ Watkins, a hopeless incompetent, incapable of standing trial in the foreseeable future, appeals from an order denying his

petition for a writ of habeas corpus. Both parties now agree that it was error to deny the petition. We therefore reverse the judgment of the Breathitt Circuit Court and remand the case to it for further proceedings as required by KRS 504.040(5)(c).

Watkins was indicted for murder on March 21, 1977. He was examined at the Comprehensive Care Center in Jackson, Kentucky, and found to be incompetent to stand trial. Watkins was transferred to the Forensic Psychiatry Unit at Central State Hospital in Louisville which recommended that Watkins be hospitalized at Eastern State Hospital on a 360-day commitment. Watkins was released from Eastern State Hospital in July 1978, and returned to the Breathitt County Jail. A jury found Watkins incompetent to stand trial and recommended additional treatment in November 1978, but the hospital refused to readmit him. Watkins did spend 10 additional days at the Forensic Psychiatry Unit in December 1978, where it was determined that his condition had deteriorated. No other commitment proceedings have been initiated against Watkins, and he remains incarcerated in Breathitt County.

KRS 504.040 was amended (effective June 17, 1978) to conform to the "reasonable time" requirement established in *Jackson v. Indiana*, 406 U.S. 715, 92 S.Ct. 1845, 32 L.Ed.2d 435 (1972). An incompetent may not be held indefinitely without a trial and the opportunity to clear himself. The changes in the statute are procedural and afford additional due process and equal protection for incompetents. KRS 504.040(5)(c) now provides:

> If the court finds the defendant incompetent to stand trial and further finds that there is not a substantial probability of defendant attaining competency to stand trial in the foreseeable future and further finds that there are reasonable grounds to believe that the defendant will cause injury to himself or others if not immediately restrained, the court shall order the dismissal of the proceedings against the defendant and the release of the defendant from custody; provided such order of

dismissal and release shall provide that the effective date thereof be stayed for a period of not more than ten (10) days to allow proceedings to be initiated against the defendant for examination and possible detention pursuant to the provisions of KRS Chapter 202A or 202B.

■ The record indicates that the trial judge has found Watkins to be a dangerous and violent man, and if released, there is a strong probability that he will engage in other violent crimes. It is therefore proper and necessary for the trial court to proceed according to the statute and initiate proceedings for a permanent-type commitment of Watkins to a state mental institution.

■ Watkins' petition also requested a dismissal of the indictment. The issue was raised in the briefs on this appeal, but the question has not been fully considered by the trial court or by counsel for both parties. We therefore decline to decide this issue at this time.

The decision of the Breathitt Circuit Court is reversed, and the case is remanded for further proceedings consistent with this opinion.

All concur.